FILED
SUPERIOR COURT
OF GUAM

2022 MAR -8 PM 3: 22

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DWAIN VINCENT P. QUINATA, | **Superior Court Case No. DM0274-21** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER DENYING MOTION TO SET ASIDE DISMISSAL** |
| CHEYNEY BLAZE H. QUINATA, | |
| Defendant. | |

The Court here considers whether to set aside its Order for Dismissal, which dismissed Plaintiff Dwain Quinata's complaint without prejudice for his failure to timely effectuate service. Finding that Dwain has failed to establish that he is entitled relief from the Court's Order, the Court DENIES his Motion to Set Aside Dismissal.

## I.   PROCEDURAL BACKGROUND

On June 28, 2021, Dwain filed a Verified Complaint for Divorce. After more than 120 days passed and the Court received no information on service of the Complaint, the Court advised: "The Court has not received proof that the Plaintiff has served the Defendant. Plaintiff is hereby placed on notice that they must complete service of process to be in compliance with the 180-day time of service required by Rule 4 of the Guam Rules of Civil Procedure." Order to Serve Defendant (Nov. 3, 2021). The Order then warned Dwain that failure to serve within 180 days "may result in dismissal of the action without prejudice." Order to Serve Defendant. Finally, the Order informed Dwain that he could move to extend the time to serve; however, "[n]o extension will be granted unless a timely motion is filed . . . ." Order to Serve Defendant.

On December 21, 2021, the Court received a Declaration of Non-Service which stated that the process server attempted to serve Defendant Cheyney Quinata at a residence in Dededeo "only to discover that the defendant no longer resides there. Her current location is unknown." Decl. Non-Serv. (Dec. 21, 2021).

The 180 days then expired on December 25, 2021. There being no proof of service or no request to extend the time to serve by that deadline, the Court dismissed the action without prejudice sixteen days later. Order for Dismissal (Jan. 10, 2022).

Dwain now moves to set aside the dismissal. He claims that he was not at fault for the delay in service; instead, his retained process server suffered from medical issues. Dwain also submits a more detailed Declaration from his process server who claims he undertook efforts such as contacting "the village Mayor's office" (he doesn't specify which village), checking Facebook, and contacting the United States Postal Service for an address. Mot. Set Aside Dismissal, Decl. Christopher Allen (Jan. 27, 2022). His motion includes a request for service by publication.

## II.    LAW AND DISCUSSION

As an initial matter, Dwain cites GCA §14106 and Guam Rule of Civil Procedure 4(o) as grounds for the Court to set aside its Order. Before the Court can address whether service by publication and mailing is appropriate, Dwain must first establish that the Court should set aside the Order dismissing his Complaint. The Court turns to Rule 60(b) which provides the grounds for setting aside an Order dismissing a Complaint.

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect .... (6) any other reason justifying relief from the operation of judgment." GRCP 60(b)(1), (6). "'The subsections

of [Rule 60(b) ] are mutually exclusive' and '[t]hus, if the circumstances alleged fall into any of the other subsections allowing set aside, then relief under subsection (6) can not be had.'" *Duenas v. Brady*, 2008 Guam 27 ¶ 13 (citing *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 14).

Since Dwain alleges that his failure to effectuate service was due to circumstances beyond his control, the appropriate mechanism for relief is GRCP 60(b)(6). *See id.* (citing *Brown*, 2000 Guam 30 ¶ 32) (When "failure to comply with a deadline is due to reasons beyond a party's control, the appropriate mechanism for relief would be GRCP 60(b)(6), as such reasons do not constitute excusable neglect within GRCP 60(b)(1)."). "Rule 60(b)(6) provides for extraordinary relief and *requires a showing of exceptional circumstances.*" *Id.* (citations omitted). Obtaining relief under subsection (6) requires a party to "show extraordinary circumstances suggesting that a party is faultless in the delay...." *Id.* (citations omitted).

Here, Dwain has failed to establish that he is entitled to relief under Rule 60(b)(6). While some delay occurred as a result of the process server's medical issues, the Court finds that Dwain also bears the blame for the failure to effectuate service or to seek more time. Specifically, more than halfway through the 180 days, the Court reminded Dwain of his duty to serve timely and warned of the consequences of dismissal. At the 180-day mark, the only information that the Court received was that the process server could not find the defendant--without any specific information about the efforts expended to locate her. At the time, the Court received no information explaining the delay in service. More significantly, it received no application to extend the 180 days despite the Court's warning that a Rule 4(m) dismissal could result unless the plaintiff filed a timely motion laying out the particular information to justify an extension.

Now beyond the 180-day mark, the Court has received more detailed information. Dwain's excuse that the process server is to blame does not explain why Dwain himself failed to heed the Court's warning of a possible dismissal or why he failed to seek an extension of the

180-day limitation for service, pursuant to Rule 4(m). Moreover, the Court finds Dwain had knowledge that the Court was keeping time and that he had to seek approval before the deadline passed in order to obtain more time to serve. Finally, Dwain had sixteen additional days after the deadline passed and before the Court dismissed the Complaint in which to take action; however, he failed to do so.

Based on the foregoing, the Court finds that Dwain is partially at fault for failing to effectuate service of process, as required by Rule 4. Accordingly, Dwain is not entitled to relief under Rule 60(b)(6), and the Court is required to DENY his request to set aside its dismissal of his Complaint.

## III.    CONCLUSION AND ORDER

The Court finds that Dwain has not demonstrated grounds sufficient to set aside the Court's Order for Dismissal. The motion is therefore DENIED and the dismissal without prejudice stands.

SO ORDERED this 8th day of March 2022.

*[signature]*

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

*Gumataotao & Pole*

Date: 3/8/22  Time: 3:26pm

Deputy Clerk, Superior Court of Guam

Appearing Attorney:
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff Dwain Vincent P. Quinata